**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JALEN L. HUBBARD, | ) | Cr. A. No. 1205025381 |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Date Submitted: April 5, 2018
Date Decided: June 26, 2018

On Defendant Jalen L. Hubbard's Motion for
Postconviction Relief: **DENIED**.
Counsel's Motion to Withdraw: **GRANTED**

## ORDER

On May 30, 2012 Jalen Hubbard (Defendant) was arrested by the Delaware State Police. Defendant was indicted on several charges of Robbery First Degree, Possession of a Firearm During the Commission of a Felony (PFDCF), Wearing a Disguise During the Commission of a Felony, Conspiracy Second Degree, Theft of a Firearm, Possession of Burglary Tools, and Burglary Third Degree. On November 29, 2012 at his final case review Defendant pleaded guilty to two counts of Robbery

1

First Degree, three counts of Robbery Second Degree, and PFDCF, and the State entered a *nolle prosequi* on the forty-three remaining charges.

The Court conducted a colloquy with Defendant confirming Defendant and his counsel had reviewed the plea agreement, that Defendant understood the Constitutional rights he would be waiving, that he was not being forced to enter into the agreement, and that Defendant was not under the influence of any drugs or alcohol. Finding Defendant's plea to be knowingly, intelligently, and voluntarily entered this Court accepted the guilty plea. Defendant was sentenced on March 13, 2013 to a total of 19 years at Level V effective May 31, 2012, suspended after 13 years for decreasing levels of supervision. Defendant has not filed a direct appeal of his conviction and sentencing to the Supreme Court.

Defendant filed a *pro se* motion for Correction or Modification of his Sentence in April 2013. That motion was denied as the sentence was consistent with the plea agreement entered into. This *pro se* Motion for Postconviction relief was filed in March 2014. Saagar B. Shah, Esquire was subsequently appointed to represent Defendant for this Motion. Mr. Shah filed a motion to withdraw as counsel stating Defendant's claims were without merit.

## Defendant's Assertions

Defendant raises three grounds for relief in his motion; that the search of his home and vehicle were conducted at night without the requisite statutory findings, that his detention for greater than two hours without being formally charged was statutorily impermissible, and ineffective assistance of counsel.

## Discussion

The Court must address Defendant's motion in regard to Rule 61(i) procedural bars to relief before assessing the merits of his motion.[1] The State has conceded and the Court agrees that Defendant's motion is not time barred or repetitive. Rule 61(i)(3) bars relief if the motion includes claims not asserted in the proceedings leading to the final judgment.[2] This bar is not applicable as to Defendant's claim of ineffective assistance of counsel, which cannot be raised in a direct appeal.[3] However, Superior Court Criminal Rule 61(i)(3) bars any claims for relief not asserted in the proceedings leading to a judgement of conviction as required by the rules of this Court, unless Defendant can show "cause" for relief and "actual prejudice" from violation of his rights.[4]

---

[1] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[2] Super. Ct. Crim. R. 61(i)(3).
[3] *See State v. Berry*, 2016 WL 5624893, at *4 (Del. Super. Ct. June 29, 2016); *see also Watson v. State*, 2013 WL 5745708, at *2 (Del. Oct. 21, 2013).
[4] *See Flamer v. State*, 585 A.2d 736, 747 (Del. 1990).

Defendant's first two claims for relief appear to fall within the scope of his ineffective assistance of counsel claim. Defendant claims challenges to the search of his home and his detention prior to charging were not pursued because he never received any paperwork from his trial counsel that would have allowed him to "effectively work on his case."[5] Defendant notes he was "influenced" by counsel not to pursue these challenges for the reason that Defendant provided a detailed post-Miranda confession to several robberies.[6]

Delaware adopted the two-prong test proffered in *Strickland v. Washington* to evaluate ineffective assistance of counsel claims.[7] To succeed on an ineffective assistance of counsel claim, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness, and that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different."[8]

---

[5] Pet'r. Mot. at 3
[6] *Id.*
[7] *See Strickland v. Washington*, 466 U.S. 668 (1984); *see also Albury v. State*, 551 A.2d 53 (Del. 1988).
[8] *Flamer v. State*, 585 A.2d 736, 753 (Del. 1990); *see also Strickland v. Washington*, 466 U.S. 668 (1984).

To avoid the "distorting effects of hindsight," counsel's actions are afforded a strong presumption of reasonableness.[9] The "benchmark for judging any claim of ineffectiveness [is to] be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."[10] The Court's objective in evaluating counsel's conduct is to "reconstruct the circumstances of counsel's challenged conduct, and to *evaluate the conduct from the counsel's perspective at the time.*"[11]

If Defendant can demonstrate that counsel's conduct failed to meet an objective standard of reasonableness the second prong of the *Strickland* analysis requires the Court to determine what, if any, effect counsel's ineffectiveness had on the outcome of Defendant's trial.[12] "[The Court] will not set aside the judgment in a criminal proceeding if the error had no effect on the outcome."[13] Defendant must show that but for counsel's ineffectiveness a more favorable result is not just conceivable, but rather the likelihood of a favorable outcome is substantial.[14]

---

[9] *Neal v. State*, 80 A.3d 935, 942 (Del. 2013) (citing *Strickland v. Washington* at 689).

[10] *State v. Wright*, 2015 WL 648818, (Del. Super. Ct. Feb. 12, 2015)(citations omitted).

[11] *Neal*, 80 A.3d 935 at 942. (citing *Strickland v. Washington*, at 689) (emphasis supplied).

[12] *Id.*

[13] *Id.* (citing *Strickland v. Washington*, at 692).

[14] *Id.*

In the instant case Defendant pleaded guilty to five counts of robbery in exchange for the entrance of *nolle prosequi* on the remaining charges. Prior to entering that plea Defendant reviewed and signed the Truth in Sentencing Guilty Plea form. This form indicated that Defendant freely and voluntarily agreed to plead guilty to the charges contained therein, and as a result Defendant is barred from raising the claims related to the search and his detention as grounds for postconviction relief. Defendant acknowledged the waiver of certain constitutional rights, including the right to challenge evidence presented against him, upon entering his plea and as such Defendant is "is bound by his answers on the plea form and by his testimony at the plea colloquy, in the absence of clear and convincing evidence to the contrary."[15]

Also included on the Truth in Sentencing Guilty Plea form is a question as to whether Defendant was satisfied with his counsel's representation and if counsel fully advised Defendant of his rights. Defendant answered yes to this question prior to entering into his guilty plea. Defendant's counsel at that time had practiced criminal defense exclusively for over ten years and in her affidavit concluded there was no good faith basis to challenge either the search or Defendant's detention after

---

[15] *State v. Massas*, 2016 WL 639349, at *1 (Del. Super. 2016), citing *State v. Harden*, 1998 WL 735879, *5 (Del.Super. 2013); *State v. Stuart*, 2008 WL 4868658, *3 (Del.Super. 2008).

6

arrest.[16] Defendant's claims fail to demonstrate Counsel's representation fell below the standard under *Strickland*, nor would the result of his case been different but for any error on the part of Counsel.

The Court finds Defendant's Motion for Postconviction Relief to be meritless. Defendant confessed to his crimes after being provided his *Miranda* rights, and later knowingly, intelligently, and voluntarily pleaded guilty to charges of robbery and possession of a firearm during the commission of a felony. Accordingly, Defendant's Motion for Postconviction Relief is DENIED. Counsel's Motion to Withdraw is GRANTED.

**IT IS SO ORDERED.**

_____
The Honorable Calvin L. Scott, Jr.

---

[16] Pub. Def. Aff. at ¶11